

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHAZ HIGGS, | |
| Petitioner, | 3:10-cv-00050-RCJ-RAM |
| vs. | **ORDER** |
| DWIGHT NEVEN, *et al.*, | |
| Respondents. | |

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Chaz Higgs, a Nevada state prisoner represented by counsel. Before the Court is respondents' motion to dismiss (ECF No. 5).

## I. Procedural History

On June 29, 2007, the Second Judicial District Court in a for the County of Washoe, entered a judgment pursuant to a jury verdict finding petitioner guilty of murder in the first degree. (Exhibit 98).[1] The jury set the penalty at life in prison with the possibility of parole after ten years, and the court sentenced him accordingly. (*Id.*). On July 18, 2007, petitioner pursued a direct appeal. (Exhibit 107). Petitioner, by way of counsel, filed his opening brief with the Nevada Supreme Court.

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 6-9.

1  (Exhibit 117). On September 16, 2008, the Nevada Supreme Court issued its order of affirmance.
2  (Exhibit 134). Petitioner filed a petition for rehearing, which was denied. (Exhibits 137 & 141).
3  Remittitur issued on February 9, 2010, after being recalled once to publish the order of affirmance.
4  (Exhibits 142-145).

5  Petitioner filed his federal habeas petition on January 27, 2010. (ECF No. 1). The petition
6  contains five grounds for relief. (*Id.*). Respondents have filed a motion to dismiss the petition,
7  arguing that Grounds I-III were not exhausted in state court. (ECF No. 5). Petitioner opposed the
8  motion. (ECF No. 11). Respondents filed a reply. (ECF No. 12).

9  **II. Discussion**

10  A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has
11  exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28
12  U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his
13  claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S.
14  838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains
15  unexhausted until the petitioner has given the highest available state court the opportunity to
16  consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*,
17  386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

18  A habeas petitioner must "present the state courts with the same claim he urges upon the
19  federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications
20  of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.
21  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To
22  achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims
23  under the United States Constitution" and given the opportunity to correct alleged violations of the
24  prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d
25  1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear

26

instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

In the instant case, respondents argue that Grounds I, II, and III of the federal petition are unexhausted, because some of petitioner's arguments and case citations were presented to the Nevada Supreme Court in his petition for rehearing, rather than in his opening brief on direct appeal.

A claim raised for the first time on discretionary review to the state's highest court and denied, without comment, is not exhausted. *Casey v. Moore,* 386 F.3d 896, 917 (9th Cir. 2004) (citing *Castille v. Peoples,* 489 U.S. 346, 351 (1989)). However, where the state highest court addresses the merits of arguments presented in a petition for reconsideration or other discretionary review, the claims are properly exhausted. *Chambers v. McDaniel,* 549 F.3d 1191, 1195-1199 (9th Cir. 2008); *Green v. Lambert,* 288 F.3d 1081, 1086-1088 (9th Cir. 2002).

This Court has reviewed Grounds I-III of the federal petition, along with the state petition for rehearing (Exhibit 137), the Nevada Supreme Court's order denying rehearing (Exhibit 141), and other relevant documents in the state court record. The Nevada Supreme Court did not deny the claims in the petition for rehearing without comment or opinion. Instead, the Nevada Supreme Court issued an 11-page order discussing the merits and ultimately denying the claims presented in the petition for rehearing. (Exhibit 141). As such, the claims that were made in the petition for rehearing, which are repeated in the federal habeas petition at Grounds I, II, and III, are properly exhausted. On review of the state court record, all grounds presented in the federal petition have been exhausted in state court. Respondents must file an answer, on the merits, addressing all grounds presented in the federal habeas petition.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 5) is **DENIED**.

3

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to all grounds of the petition within **thirty (30) days** from the entry of this order. The answer shall include substantive arguments on the merits of all grounds in the petition. **No further motions to dismiss will be entertained.** In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner's reply to the answer shall be filed no later than **thirty (30) days** after being served with the answer.

Dated this 24th day of March, 2011

UNITED STATES DISTRICT JUDGE

4